#300021370

AO 242 (Rev. 09/17) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

DEC 1 6 2025

CLERK, U.S. DISTRICT COURT
By_____
Deputy

# UNITED STATES DISTRICT COURT
for the

NORTHERN DISTRICT OF TEXAS

PATRICK NYANTAKYI
_____
Petitioner

v.

THOMAS BERGAMI
_____
Respondent
*(name of warden or authorized person having custody of petitioner)*

Case No. 3-25CV3444-X
_____
*(Supplied by Clerk of Court)*

## PETITION FOR A WRIT OF HABEAS CORPUS UNDER 28 U.S.C. § 2241

### Personal Information

1.  (a) Your full name: PATRICK NYANTAKYI
    (b) Other names you have used:
2.  Place of confinement:
    (a) Name of institution: PRAIRIELAND DETENTION CENTER
    (b) Address: 1209 SUNFLOWER LANE ALVARADO TEXAS 76009
    (c) Your identification number: A # 207911760
3.  Are you currently being held on orders by:
    ☑ Federal authorities        ☐ State authorities        ☐ Other - explain:
    ICE DETENTION
4.  Are you currently:
    ☐ A pretrial detainee (waiting for trial on criminal charges)
    ☐ Serving a sentence (incarceration, parole, probation, etc.) after having been convicted of a crime
       If you are currently serving a sentence, provide:
          (a) Name and location of court that sentenced you: _____

          (b) Docket number of criminal case: _____
          (c) Date of sentencing: _____
    ☑ Being held on an immigration charge
    ☐ Other *(explain):* _____
       _____
       _____

### Decision or Action You Are Challenging

5.  What are you challenging in this petition:
    ☐ How your sentence is being carried out, calculated, or credited by prison or parole authorities (for example, revocation or calculation of good time credits)

AO 242 (Rev. 09/17) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

❏ Pretrial detention

☑ Immigration detention

❏ Detainer

❏ The validity of your conviction or sentence as imposed (for example, sentence beyond the statutory
   maximum or improperly calculated under the sentencing guidelines)

❏ Disciplinary proceedings

❏ Other *(explain)*:

_____

6.   Provide more information about the decision or action you are challenging:

(a) Name and location of the agency or court: U.S. IMMIGRATION AND CUSTOMS
ENFORCEMENTS REFUSAL TO RELEASE ME FROM DETENTION.

(b) Docket number, case number, or opinion number:    None

(c) Decision or action you are challenging *(for disciplinary proceedings, specify the penalties imposed)*:

U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT REFUSAL
TO RELEASE ME FROM IMMIGRATION DETENTION.

(d) Date of the decision or action:  October 02, 2025

### Your Earlier Challenges of the Decision or Action

7.   **First appeal**

Did you appeal the decision, file a grievance, or seek an administrative remedy?

❏ Yes          ☑ No

(a) If "Yes," provide:

(1) Name of the authority, agency, or court: _____

_____

(2) Date of filing: _____

(3) Docket number, case number, or opinion number: _____

(4) Result: _____

(5) Date of result: _____

(6) Issues raised: _____

_____

_____

_____

_____

(b) If you answered "No," explain why you did not appeal: There is no remedy
available to the petitioner for this matter.

8.   **Second appeal**

After the first appeal, did you file a second appeal to a higher authority, agency, or court?

❏ Yes          ☑ No

AO 242 (Rev. 09/17) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

    (a) If "Yes," provide:

        (1) Name of the authority, agency, or court:

        (2) Date of filing:

        (3) Docket number, case number, or opinion number:

        (4) Result:

        (5) Date of result:

        (6) Issues raised:

    (b) If you answered "No," explain why you did not file a second appeal:  This is not applicable to this matter.

9.    **Third appeal**

After the second appeal, did you file a third appeal to a higher authority, agency, or court?

☐ Yes        ☒ No

    (a) If "Yes," provide:

        (1) Name of the authority, agency, or court:

        (2) Date of filing:

        (3) Docket number, case number, or opinion number:

        (4) Result:

        (5) Date of result:

        (6) Issues raised:

    (b) If you answered "No," explain why you did not file a third appeal:  This is not applicable to this matter.

10.    **Motion under 28 U.S.C. § 2255**

In this petition, are you challenging the validity of your conviction or sentence as imposed?

☐ Yes        ☒ No

If "Yes," answer the following:

    (a)    Have you already filed a motion under 28 U.S.C. § 2255 that challenged this conviction or sentence?

        ☐ Yes        ☐ No

AO 242 (Rev. 09/17)  Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

If "Yes," provide:
(1)  Name of court: _____
(2)  Case number: _____
(3)  Date of filing: _____
(4)  Result: _____
(5)  Date of result: _____
(6)  Issues raised: _____
_____
_____
_____
_____

(b)  Have you ever filed a motion in a United States Court of Appeals under 28 U.S.C. § 2244(b)(3)(A), seeking permission to file a second or successive Section 2255 motion to challenge this conviction or sentence?

☐ Yes          ☑ No

If "Yes," provide:
(1)  Name of court: _____
(2)  Case number: _____
(3)  Date of filing: _____
(4)  Result: _____
(5)  Date of result: _____
(6)  Issues raised: _____
_____
_____
_____
_____

(c)  Explain why the remedy under 28 U.S.C. § 2255 is inadequate or ineffective to challenge your conviction or sentence:  I am not challenging a conviction or a sentence.
_____
_____
_____
_____

11.  **Appeals of immigration proceedings**

Does this case concern immigration proceedings?

☑ Yes          ☐ No

If "Yes," provide:
(a)  Date you were taken into immigration custody:  March 17, 2025.
(b)  Date of the removal or reinstatement order:  None.
(c)  Did you file an appeal with the Board of Immigration Appeals?
☐ Yes          ☑ No

AO 242 (Rev. 09/17) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

If "Yes," provide:

(1) Date of filing: _____

(2) Case number: _____

(3) Result: _____

(4) Date of result: _____

(5) Issues raised: _____

_____

_____

_____

_____

(d)    Did you appeal the decision to the United States Court of Appeals?

☐ Yes            ☑ No

If "Yes," provide:

(1) Name of court: _____

(2) Date of filing: _____

(3) Case number: _____

(4) Result: _____

(5) Date of result: _____

(6) Issues raised: _____

_____

_____

_____

_____

12.    **Other appeals**

Other than the appeals you listed above, have you filed any other petition, application, or motion about the issues raised in this petition?

☐ Yes            ☑ No

If "Yes," provide:

(a) Kind of petition, motion, or application: _____

(b) Name of the authority, agency, or court: _____

(c) Date of filing: _____

(d) Docket number, case number, or opinion number: _____

(e) Result: _____

(f) Date of result: _____

(g) Issues raised: _____

_____

_____

_____

_____

AO 242 (Rev. 09/17) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

## Grounds for Your Challenge in This Petition

13.  State every ground (reason) that supports your claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground. Any legal arguments must be submitted in a separate memorandum.

**GROUND ONE**: Violation of the Procedural Due Process Clause to the Fifth Amendment of the United States Constitution. My liberty rights is being deprived by the Immigration and Customs Enforcement. (I.C.E)

(a) Supporting facts *(Be brief. Do not cite cases or law.)*: I have been continued to be detained after an Immigration Judge ordered my release from detention. My detention is a result of Immigration and Customs Enforcement and the Department of Homeland Security invoking the automatic stay provision. See attached memorandum with additional specific facts.

(b) Did you present Ground One in all appeals that were available to you?

☐ Yes          ☐ No

**GROUND TWO**: _____

_____

_____

_____

(a) Supporting facts *(Be brief. Do not cite cases or law.)*:

_____

_____

_____

_____

(b) Did you present Ground Two in all appeals that were available to you?

☐ Yes          ☐ No

**GROUND THREE**: _____

_____

_____

_____

(a) Supporting facts *(Be brief. Do not cite cases or law.)*:

_____

_____

_____

_____

(b) Did you present Ground Three in all appeals that were available to you?

☐ Yes          ☐ No

AO 242 (Rev. 09/17) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

**GROUND FOUR:**

(a) Supporting facts *(Be brief. Do not cite cases or law.)*:

(b) Did you present Ground Four in all appeals that were available to you?
☐ Yes          ☐ No

14.  If there are any grounds that you did not present in all appeals that were available to you, explain why you did not:   Not applicable to this case.

**Request for Relief**

15. State exactly what you want the court to do:   Order my immediate release from Immigration and Customs Enforcement custody, and also order I.C.E and Department of Homeland Security from re-detaining me unless they provide me with a pre-detention hearing.

AO 242 (Rev. 09/17)  Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

## Declaration Under Penalty Of Perjury

If you are incarcerated, on what date did you place this petition in the prison mail system:

December 10, 2025

I declare under penalty of perjury that I am the petitioner, I have read this petition or had it read to me, and the information in this petition is true and correct.  I understand that a false statement of a material fact may serve as the basis for prosecution for perjury.

Date: 12/10/2025

_____
*Signature of Petitioner*

_____
*Signature of Attorney or other authorized person, if any*

Name: PATRICK NYANTAKYI
A-Number: A207911760
Pro Se Petitioner-Detained
Address: 1209 SUNFLOWER LANE
        ALVARADO, TEXAS 76009

## UNITED STATES DISTRICT COURT
### FOR THE
### NORTHERN DISTRICT OF TEXAS

Patrick Nyantakyi,
  Petitioner

   V

Donald J. Trump,in his official capacity as the
President of the United States;

Kristi Noem,in her official capacity as the
Secretary of the United States Department of
Homeland Security (DHS);

Todd Lyons,in his official capacity as the Acting
Director,U.S. Immigration and Customs Enforcement (ICE);

Pamela Bondi,in her official capacity as the Attorney
General of the United States of America;

Josh Johnson,in his official capacity as the Acting Director
of Immigration and Customs Enforcement and Removal
Operations Dallas Field Office;

Thomas Bergami, in his official capacity as the Warden of
Prairieland Detention Center;
    Respondents,

### PETITION FOR A WRIT OF HABEAS CORPUS UNDER 28 U.S.C subsection 2241

Petitioner, Patrick Nyantakyi respectfully petitions this Court who has jurisdiction for a writ of Habeas corpus under 28 U.S.C subsection 2241, stating;

1. Petitioner is currently detained by U.S Immigration and Customs Enforcement (ICE) an agency under U.S. Department of Homeland Security (DHS) at Prairieland Detention Center in Alvarado Texas.

2. Petitioner has a pending I-130 Petition for Alien Relative filed by his U.S Citizen spouse on March 21,2025 with United States Citizen and Immigration Services (USCIS).

3. An Immigration Judge ruled on September 05,2025 terminating petitioner's ongoing removal proceedings and ordering his release from detention under the merits after a hearing. Despite this ruling, the DHS invoked the automatic stay provision pursuant to 8 C.F.R. Subsection 1003.19(i)(2) which allows DHS to continue to detain petitioner.

4. Petitioner asks this Court to order his immediate release from detention because the automatic stay provision invoked by the DHS violates the PROCEDURAL DUE PROCESS under the FIFTH AMENDMENT rights to the United States Constitution. Also Petitioner challenges the constitutionality of his continued confinement pursuant to the automatic stay provision.

5. Also Petitioner moves for a motion asking this Court to grant a Temporary Restraining Order preventing respondents from re-detaining him unless they provide him with a pre-detention hearing or unless petitioner breaks any state or federal law in the U.S after his release from detention.

6. In order to permit a full judicial review of the claims herein and requested relief, Petitioner respectfully requests that the Court orders Respondents not to transfer Petitioner outside the jurisdiction of this Court pending consideration of the petition.

7. Petitioner requests this Court to order Respondents to show good cause why this writ of Habeas corpus not be granted within 3 days unless for good cause additional time,not exceeding 20 days,is allowed.

WHEREFORE ,Petitioner prays that this Court grant the writ
 Respectfully submitted,
 Patrick Nyantakyi.

December 09,2025.

MEMORANDUM OF LAW IN SUPPORT OF PETITION OF WRIT OF HABEAS CORPUS
PURSUANT TO 28 U.S.C subsection 2241

Name: Patrick Nyantakyi
Alien Registration Number: A207911760
Pro Se Petitioner-Detained
Detention Center: Prairieland Detention Center
Detention Address: 1209 Sunflower Lane Alvarado
                         Texas,76009

## INTRODUCTION

1. Petitioner, PATRICK NYANTAKYI,petitions this Court for a writ of Habeas corpus to remedy Petitioner's continued detention by Respondents. Petitioner submits this Memorandum of Law in Support of the Petition for a Writ of Habeas Corpus.

2. Petitioner respectfully requests that the Court use its authority under 28 U.S.C subsection 2243 to order the Respondents to file a return within three days, unless they can show good cause for additional time. See 28 U.S.C subsection 2243 ( stating that an order to show cause why a petition for a writ of Habeas corpus should be denied is returnable "within three days unless for good cause additional time,not exceeding twenty days, is allowed").

3.   In order to permit full judicial review of the claims herein and requested reliefs, Petitioner respectfully requests that the Court order Respondents not to transfer Petitioner outside the jurisdiction of this Court pending consideration of the petition.

## STATEMENT OF FACTS

4. Petitioner was born on February 10,1995 in Ghana,of where he is currently a citizen and native of.

5. Petitioner entered the United States in August 26 2013 with a student  F-1 visa,and was inspected and admitted at JFK international airport. Petitioner has been in the country continuously since then.

6. Petitioner was detained by ICE and put into removal proceedings on March 17,2025 and is currently detained in Prairieland Detention Center at address 1209 Sunflower Lane Alvarado Texas 76009. Petitioner worked as an electrician and a general contractor prior to his detention.

7. Petitioner is charged as deportable pursuant to Section 237 (a)(1)(B) of the Immigration and Nationality Act; in that after admission as a non-immigrant under Section 101 (a)(15) of the Act,he remained in the country for a longer time than permitted, which he does not challenge but concedes. However,Petitioner has a strong form of relief from removal which he is currently pursing through the United States Citizenship and Immigration Services (USCIS) an agency under DHS.

Page 1 of 4

8. Petitioner is married to his wife a U.S Citizen, Patricia Nyantakyi, who has filed a form I-130 petition for him with USCIS which is currently pending as of March 21,2025. A U.S Citizen or lawful permanent resident uses this form to establish a qualifying family relationship with a relative,which when approved will help the beneficiary alien to be eligible to apply to adjust and legalize their immigration status in the country.

9. With counsel, Petitioner went before an Immigration Judge on or about August 15,2025 for a hearing on the removal proceedings and requested that the Immigration Judge uses her discretion to terminate his proceedings pursuant to 8 C.F.R subsection 1003.18(d)(2)(ii)(B).

10. The DHS opposed this motion so the Immigration Judge gave both parties two more weeks to submit their arguments. DHS submitted their arguments and so did Petitioner's counsel. Petitioner prevailed in front of the Immigration Judge who exercised her discretion and terminated the removal proceedings under the charge,hence ordering Petitioner's release from civil detention on September 05,2025 so that petitioner could pursue adjustment of status with USCIS.

11. After the Judge's order , DHS appealed the decision to the Board of Immigration Appeals (BIA) pursuant to 8 C.F.R subsection 1003.19(i)(2). The regulations provide DHS the unilateral authority to stay the Immigration Judge's order and keep petitioner detained pending DHS appeal to the BIA under 8 C.F.R subsection 1003.19(f) which takes up to 6 to 9 months after the application of the appeal.

12. If released ,Petitioner will be supported by family in the United States. Petitioner has a U.S Citizen wife who works as a CNA, a U.S citizen brother who is a retired Army sergeant who served more than 20 years in the military and now works for the federal government, has also agreed to support him when released. Petitioner also has another U.S Citizen brother who works as a mechanic and lives in Maryland with their mother who is a permanent U.S resident. Petitioner will live with his wife at their shared address 9821 SUMMERWOOD COURT APT #2610 Dallas Texas 75243 after been released.

<u>ARGUEMENTS</u>

13. This Court has jurisdiction under 28 U.S.C. Subsection 2241,the Suspension Clause,U.S. Constitution art, I subsection 9, cl.2, and 28 U.S.C. Subsection 1331, and Petitioners custody is in violation of the Constitution,laws or treaties of the United States. Petitioner argues that the stay provision violates the PROCEDURAL DUE PROCESS Clause of the FIFTH AMENDMENT rights of the U.S Constitution. The automatic stay provision pursuant to 8 C.F.R subsection 1003. 19(f) violates the Due Process Clause because the stay takes effect without requiring the DHS to provide any meaningful opportunity to challenge the continued confinement or even consider any threshold standard, and Petitioner has no opportunity to challenge the imposition of the stay; there are no procedural safeguards to prevent prolonged, unwarranted detention pending the DHS appeal.

14. The Due Process Clause applies to all persons in the United States, "whether their presence here is lawful, unlawful,temporary or permanent."See MATTER of *Zadvydas,* 533 U.S. at 693. In *Zadvydas,* the Supreme Court emphasized, "freedom from imprisonment-from government custody,detention or other forms of physical restraint lies at the heart of the liberty,that the Due Process Clause protects."

15. Petitioner also challenges the legality and constitutionality of the DHS invoking the automatic stay provision. Most courts apply the *Mathews V Eldridge,*424 U.S. 319,96 S. Ct. 893,47 L. Ed 2d 18(1976) balancing tests in cases like this which considers the following 3 factors;

• PRIVATE INTEREST THAT WILL AFFECT THE OFFICIAL ACTION; Here,Petitioner has a

significant liberty interest in being free from detention, particularly because an Immigration Judge determined that he is entitled to be released from custody as a result of terminating his removal proceedings to pursue adjustment of status through USCIS, and outside of civil detention. See *Matter of L.G V CHOATE,744,F. Supp 3d 1172,1182(* D. Colo. 2024)." Even if Petitioner is a non-citizen in removal proceedings,that does not mean he does not have a strong private interest in being free from government or civil detention." said the court.  Petitioner's nine months detention has also subjected him to developing anxiety and self diagnosed depression as a result of the condition he's been living in for the past months and also with little to no proper mental health practitioners providing proper support and help at the detention facility,Petitioner's condition worsens by day. Petitioner is detained in a dorm that provides them with a thin mattress and blanket to sleep on,and the dorm houses two times the capacity it was designed for,with other detainees sometimes sleeping on concrete floors. There is little to no privacy in Petitioner's dorm because,there are 66 detainees in a dorm designed for 30. Petitioner sometimes goes without lunch or dinner because the staff at Prairieland Detention allows fellow inmates to pass out food without the needed supervision which results in many other detainees including Petitioner not getting fed. Staff at Prairieland Detention has on multiple occasions fed detainees dinner at 9:45 pm,which is 4 hours pass their scheduled time and they are forced to go to bed at 10:30 pm right after eating. Petitioner has lost his business and him and his wife's savings are entirely drained because Petitioner cant work no more and due to high attorney fees,they are in debt. Petitioner also cant see his friends or family outside normal visiting hours. In matter of *Peregrino Guevara* V *Witte,2020 at 7 (*W.D La Nov.17 2020), the court explained that,"releasing a Habeas petitioner from ICE custody does not imperil his immigration proceedings" and that 93 percent of non-detained immigrants with counsel 'show up to court' for their hearings.

- The Second factor is the RISK OF ERRONEOUS DEPRIVATION OF SUCH INTEREST THROUGH PROCEDURES USED; the risk here is significantly high because petitioner who prevailed in front of a duly sworn Immigration Judge is the only individual subjected to this unconstitutional stay. Despite a neutral decision maker finding that a discretionary termination of removals and ordering release of petitioner under the merits is warranted,the automatic stay provision allowed the DHS who by definition lost its arguments, to unilaterally deprive petitioner of his liberty rights, and override the decision of the Immigration Judge. Other courts considering the automatic stay provision have found this problematic as well. See *Zavala V Ridge,310 F. SUPP.2d 1071,1078 (N.D Cal 2004),* noting that,"the automatic stay provision additionally creates a potential for error because it conflates the functions of adjudicator and prosecutor ". See also *Ashley,288 F. Supp. 2D at 671,*concluding that the regulation creates a "patently unfair situation by taking the decision out of the hands of the Judge's altogether and giving it to the prosecutor who has by definition failed to persuade a Judge that detention is justified". Petitioner has already been detained for more than three months since the Immigration Judge decided to terminate his removal proceedings,and will continue to be detained until BIA acts on the appeal or the appeal lapses,which takes several months because of the limited members on the BIA. If the BIA ultimately upholds the Immigration Judge´s decision to terminate petitioners removal proceedings, DHS will have deprived petitioner of his liberty for a significant period of time. As petitioner argues, the damage would have already been done.

  As to available alternatives,the regulation already provide one; DHS may request a discretionary emergency stay from the BIA. See 8 C.F.R.SUBSECTION 1003.19(i)(1). (granting the BIA discretionary stay authority). This procedure mitigates the concern about DHS usurping the neutral adjudicatory role and provides additional safeguards that the automatic stay provision by the DHS

lacks.

- The last step of the *Mathews test* directs the court to weigh the private interests at stake and the risk of erroneous deprivation of those interests against respondents' interests in persisting with the regulation, including the fiscal and administrative burdens of an additional or substantive procedural requirement. In *Matter of Diop,656 F. 3d at* 232,234,the court stated "the Due Process Clause also requires that at a certain point-which may differ case by case-the burden to an alien's liberty outweighs a mere presumption that the alien will flee and/or is dangerous to the society". At this point, in Petitioner's case,the government cant defend the detention against that is arbitrary or capricious by presuming flight and dangerousness ; more is needed to justify the detention as necessary to achieve the goals of the statue. Civil immigration detention violates due process if it is not reasonably related to its statutory purpose. *See id.(* citing *Jackson V. Indiana,*406 U.S. 715,738(1972)*.

## CONCLUSION

16. In conclusion, Petitioner's continued detention pursuant to DHS automatic stay invocation violates the detention statute and is unconstitutional because it violates the Due Process Clause of the FIFTH AMENDMENT RIGHTS of the United States Constitution. Petitioner respectfully requests that this Court order Respondents to show cause why this writ should not be granted "within three days unless for good cause additional time, not exceeding twenty days, is allowed", and set a hearing on this Petition within five days of the return,pursuant to 28 U.S.C subsection 2243, if need be, and grant the Writ of Habeas Corpus ordering Respondents to immediately release Petitioner from their custody and also order respondents not to re-detain Petitioner unless he is provided with a pre-detention hearing or unless Petitioner breaks any state or federal law of the United States after his release from detention.

Respectfully submitted,
Signature: *Pable*
Name: Patrick Nyantakyi
A-Number: A207911760
Detention Center: Prairieland Detention Center
Address: 1209 Sunflower Lane Alvarado Texas
        76009
December 09,2025

Name: Patrick Nyantakyi
A-Number: A207911760
Pro Se Petitioner-Detained
Address: 1209 SUNFLOWER LANE
      ALVARADO TEXAS 76009

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF TEXAS

Name: Patrick Nyantakyi,           Case No:
  Petitioner

                                 [PROPOSED] ORDER
V                                 TO SHOW CAUSE

Donald J. Trump,in his official capacity as the
President of the United States;

Kristi Noem,in her official capacity as the
Secretary of the United States Department of
Homeland Security (DHS);

Todd Lyons,in his official capacity as the Acting
Director,U.S. Immigration and Customs Enforcement (ICE);

Pamela Bondi,in her official capacity as the Attorney
General of the United States of America;

Josh Johnson,in his official capacity as the Acting Director
of Immigration and Customs Enforcement and Removal
Operations Dallas Field Office; and

Thomas Bergami,in his official capacity as the
Warden of Prairieland Detention Center;
    Respondents,

Upon consideration of Petitioners Writ of Habeas Corpus pursuant to 28 U.S.C.2241, and

memorandum of law that requests, *inter alia,* the issuance of an Order to Show Cause pursuant to 28 U.S.C. Subsection 2243, IT IS HEREBY ORDERED that :

1. Respondents are ORDERED to file a return on the Order to Show Cause why the Petition for a Writ of Habeas Corpus should not be granted by December 23,2025.
2. Petitioner shall have an opportunity to reply by January 8,2026.
3. A hearing on this case shall be set on _____ .

And such other and further relief as the Court may find appropriate.

IT IS SO ORDERED
Dated:

_____
UNITED STATES DISTRICT COURT

Page 2 of 2



**UNITED STATES DEPARTMENT OF JUSTICE**
**EXECUTIVE OFFICE FOR IMMIGRATION REVIEW**
**BOARD OF IMMIGRATION APPEALS**

NYANTAKYI, PATRICK
A 207-911-760
1209 SUNFLOWER LANE
ALVARADO, TX 76009

DHS/ICE OFFICE OF CHIEF
COUNSEL - PEP
27991 BUENA VISTA BLVD
LOS FRESNOS, TX 78566

Name:
NYANTAKYI, PATRICK                    207-911-760

Riders:

Date of Notice:  10/16/2025

### FILING RECEIPT FOR APPEAL OR MOTION

The Board of Immigration Appeals (Board or BIA) acknowledges receipt of the appeal or motion and fee or fee waiver request (where applicable) on  10/02/2025    , in the above-referenced case, filed by the Department

Additional Comments
N/A

### WARNING FOR APPEALS:

**Departure.**  If you leave the United States after filing this appeal but before the Board issues a decision, your appeal may be considered withdrawn and the Immigration Judge's decision will become final as if no appeal had been taken (unless you are an "arriving alien" as defined in the regulations under 8 C.F.R. § 1001.1(q)).

**FILING INSTRUCTIONS:**

If you have any questions about how to file something at the Board, please review the Board's Practice Manual which is available on EOIR's website at www.justice.gov/eoir.

Accepted by:  CarterE

CC

Elisa Kumadey
2300 Valley View Ln, Ste 520
Irving, TEXAS 75062

DEPARTMENT OF HOMELAND SECURITY

**NOTICE TO APPEAR**

DOB: 02/10/1995

Event No: PRL2503000024

**In removal proceedings under section 240 of the Immigration and Nationality Act:**

Subject ID: 398170759          FINS: 1154597585          File No: 207 911 760

In the Matter of:

Respondent:  PATRICK NYANTAKYI _____ currently residing at:

PDC 1209 SUNFLOWER LANE ALVARADO,TEXAS,76009

(Number, street, city, state and ZIP code)                    (Area code and phone number)

☐ You are an arriving alien.

☐ You are an alien present in the United States who has not been admitted or paroled.

☒ You have been admitted to the United States, but are removable for the reasons stated below.

The Department of Homeland Security alleges that you:

1. You are not a citizen or national of the United States;

2. You are a native of GHANA and a citizen of GHANA;

3. You were admitted to the United States at New York City, NY on or about August 19, 2013 as a Not Applicable;

4. You remained in the United States beyond August 15, 2017 without authorization from the Immigration and Naturalization Service or its successor the Department of Homeland Security.

On the basis of the foregoing, it is charged that you are subject to removal from the United States pursuant to the following provision(s) of law:

Section 237(a)(1)(B) of the Immigration and Nationality Act (Act), as amended, in that after admission as a nonimmigrant under Section 101(a)(15) of the Act, you have remained in the United States for a time longer than permitted, in violation of this Act or any other law of the United States.

☐ This notice is being issued after an asylum officer has found that the respondent has demonstrated a credible fear of persecution or torture.

☐ Section 235(b)(1) order was vacated pursuant to:     ☐ 8CFR 208.30     ☐ 8CFR 235.3(b)(5)(iv)

YOU ARE ORDERED to appear before an immigration judge of the United States Department of Justice at:

27991 BUENA VISTA BLVD LOS FRESNOS TX 78566. PRAIRIELAND DETENTION CTR

(Complete Address of Immigration Court, including Room Number, if any)

on ___May 6, 2025___ at ___8:30 AM___ to show why you should not be removed from the United States based on the
     (Date)                (Time)

charge(s) set forth above.          _____
                                      B3645 SHELTON - SDDO
                                    (Signature and Title of Issuing Officer)

Date:  ___March 17, 2025___     _____
                                      Dallas, Texas
                                    (City and State)

DHS Form I-862 (6/22)

## Notice to Respondent

**Warning:** Any statement you make may be used against you in removal proceedings.

**Alien Registration:** This copy of the Notice to Appear served upon you is evidence of your alien registration while you are in removal proceedings. You are required to carry it with you at all times.

**Representation:** If you so choose, you may be represented in this proceeding, at no expense to the Government, by an attorney or other individual authorized and qualified to represent persons before the Executive Office for Immigration Review, pursuant to 8 CFR 1003.16. Unless you so request, no hearing will be scheduled earlier than ten days from the date of this notice, to allow you sufficient time to secure counsel. A list of qualified attorneys and organizations who may be available to represent you at no cost will be provided with this notice.

**Conduct of the hearing:** At the time of your hearing, you should bring with you any affidavits or other documents that you desire to have considered in connection with your case. If you wish to have the testimony of any witnesses considered, you should arrange to have such witnesses present at the hearing. At your hearing you will be given the opportunity to admit or deny any or all of the allegations in the Notice to Appear, including that you are inadmissible or removable. You will have an opportunity to present evidence on your own behalf, to examine any evidence presented by the Government, to object, on proper legal grounds, to the receipt of evidence and to cross examine any witnesses presented by the Government. At the conclusion of your hearing, you have a right to appeal an adverse decision by the immigration judge. You will be advised by the immigration judge before whom you appear of any relief from removal for which you may appear eligible including the privilege of voluntary departure. You will be given a reasonable opportunity to make any such application to the immigration judge.

**One-Year Asylum Application Deadline:** If you believe you may be eligible for asylum, you must file a Form I-589, Application for Asylum and for Withholding of Removal. The Form I-589, Instructions, and information on where to file the Form can be found at **www.uscis.gov/I-589**. Failure to file the Form I-589 within one year of arrival may bar you from eligibility to apply for asylum pursuant to section 208(a)(2)(B) of the Immigration and Nationality Act.

**Failure to appear:** You are required to provide the Department of Homeland Security (DHS), in writing, with your full mailing address and telephone number. You must notify the Immigration Court and the DHS immediately by using Form EOIR-33 whenever you change your address or telephone number during the course of this proceeding. You will be provided with a copy of this form. Notices of hearing will be mailed to this address. If you do not submit Form EOIR-33 and do not otherwise provide an address at which you may be reached during proceedings, then the Government shall not be required to provide you with written notice of your hearing. If you fail to attend the hearing at the time and place designated on this notice, or any date and time later directed by the Immigration Court, a removal order may be made by the immigration judge in your absence, and you may be arrested and detained by the DHS.

**Mandatory Duty to Surrender for Removal:** If you become subject to a final order of removal, you must surrender for removal to your local DHS office, listed on the internet at **http://www.ice.gov/contact/ero**, as directed by the DHS and required by statute and regulation. Immigration regulations at 8 CFR 1241.1 define when the removal order becomes administratively final. If you are granted voluntary departure and fail to depart the United States as required, fail to post a bond in connection with voluntary departure, or fail to comply with any other condition or term in connection with voluntary departure, you must surrender for removal on the next business day thereafter. If you do not surrender for removal as required, you will be ineligible for all forms of discretionary relief for as long as you remain in the United States and for ten years after your departure or removal. This means you will be ineligible for asylum, cancellation of removal, voluntary departure, adjustment of status, change of nonimmigrant status, registry, and related waivers for this period. If you do not surrender for removal as required, you may also be criminally prosecuted under section 243 of the Immigration and Nationality Act.

**U.S. Citizenship Claims:** If you believe you are a United States citizen, please advise the DHS by calling the ICE Law Enforcement Support Center toll free at (855) 448-6903.

**Sensitive locations:** To the extent that an enforcement action leading to a removal proceeding was taken against Respondent at a location described in 8 U.S.C. § 1229(e)(1), such action complied with 8 U.S.C. § 1367.

### Request for Prompt Hearing

To expedite a determination in my case, I request this Notice to Appear be filed with the Executive Office for Immigration Review as soon as possible. I waive my right to a 10-day period prior to appearing before an immigration judge and request my hearing be scheduled.

Before: _____

_____
*(Signature of Respondent)*

Date: _____

_____
*(Signature and Title of Immigration Officer)*

### Certificate of Service

This Notice To Appear was served on the respondent by me on  March 17, 2025 , in the following manner and in compliance with section 239(a)(1) of the Act.

☒ in person    ☐ by certified mail, returned receipt # _____ requested    ☐ by regular mail
☐ Attached is a credible fear worksheet.
☒ Attached is a list of organization and attorneys which provide free legal services.

The alien was provided oral notice in the  English  language of the time and place of his or her hearing and of the consequences of failure to appear as provided in section 240(b)(7) of the Act.

_____
REFUSED TO SIGN
*(Signature of Respondent if Personally Served)*

KEVIN LIANG - Deportation Officer
*(Signature and Title of officer)*

DHS Form I-862 (6/22)

**Privacy Act Statement**

**Authority:**
The Department of Homeland Security through U.S. Immigration and Customs Enforcement (ICE), U.S Customs and Border Protection (CBP), and U.S. Citizenship and Immigration Services (USCIS) are authorized to collect the information requested on this form pursuant to Sections 103, 237, 239, 240, and 290 of the Immigration and Nationality Act (INA), as amended (8 U.S.C. 1103, 1229, 1229a, and 1360), and the regulations issued pursuant thereto.

**Purpose:**
You are being asked to sign and date this Notice to Appear (NTA) as an acknowledgement of personal receipt of this notice. This notice, when filed with the U.S. Department of Justice's (DOJ) Executive Office for Immigration Review (EOIR), initiates removal proceedings. The NTA contains information regarding the nature of the proceedings against you, the legal authority under which proceedings are conducted, the acts or conduct alleged against you to be in violation of law, the charges against you, and the statutory provisions alleged to have been violated. The NTA also includes information about the conduct of the removal hearing, your right to representation at no expense to the government, the requirement to inform EOIR of any change in address, the consequences for failing to appear, and that generally, if you wish to apply for asylum, you must do so within one year of your arrival in the United States. If you choose to sign and date the NTA, that information will be used to confirm that you received it, and for recordkeeping.

**Routine Uses:**
For United States Citizens, Lawful Permanent Residents, or individuals whose records are covered by the Judicial Redress Act of 2015 (5 U.S.C. § 552a note), your information may be disclosed in accordance with the Privacy Act of 1974, 5 U.S.C. § 552a(b), including pursuant to the routine uses published in the following DHS systems of records notices (SORN): DHS/USCIS/ICE/CBP-001 Alien File, Index, and National File Tracking System of Records, DHS/USCIS-007 Benefit Information System, DHS/ICE-011 Criminal Arrest Records and Immigration Enforcement Records (CARIER), and DHS/ICE-003 General Counsel Electronic Management System (GEMS) and DHS/CBP-023 Border Patrol Enforcement Records (BPER). These SORNs can be viewed at https://www.dhs.gov/system-records-notices-sorns. When disclosed to the DOJ's EOIR for immigration proceedings, this information that is maintained and used by DOJ is covered by the following DOJ SORN: EOIR-001, Records and Management Information System, or any updated or successor SORN, which can be viewed at https://www.justice.gov/opcl/doj-systems-records. Further, your information may be disclosed pursuant to routine uses described in the abovementioned DHS SORNs or DOJ EOIR SORN to federal, state, local, tribal, territorial, and foreign law enforcement agencies for enforcement, investigatory, litigation, or other similar purposes.

For all others, as appropriate under United States law and DHS policy, the information you provide may be shared internally within DHS, as well as with federal, state, local, tribal, territorial, and foreign law enforcement; other government agencies; and other parties for enforcement, investigatory, litigation, or other similar purposes.

**Disclosure:**
Providing your signature and the date of your signature is voluntary. There are no effects on you for not providing your signature and date; however, removal proceedings may continue notwithstanding the failure or refusal to provide this information.

DHS Form I-862 (6/22)



**UNITED STATES DEPARTMENT OF JUSTICE**
**EXECUTIVE OFFICE FOR IMMIGRATION REVIEW**
**PORT ISABEL IMMIGRATION COURT**

| | |
|---|---|
| Respondent Name:<br><br>  NYANTAKYI, PATRICK<br><br>To:<br><br>  Kumadey, Elisa Nakuor<br>  2300 valley view lane<br>  Suite 520<br>  Irving, TX 75062 | A-Number:<br>207-911-760<br>Riders:<br>In Removal Proceedings<br>Initiated by the Department of Homeland Security<br>Date:<br>09/05/2025 |

### ORDER OF THE IMMIGRATION JUDGE

☑ Respondent ☐ the Department of Homeland Security has filed a motion to terminate these proceedings, and the non-moving party was accorded notice and an opportunity to respond. The motion is ☑ opposed ☐ unopposed.

After considering the facts and circumstances, the immigration court orders that the motion to terminate is ☑ granted ☐ with ☑ without prejudice ☐ denied because:

☑ The Department of Homeland Security ☑ met ☐ did not meet its burden of proving by clear and convincing evidence that Respondent is removable as charged. 8 C.F.R. § 1240.8(a).

☐ Respondent ☐ met ☐ did not meet the burden of proving that Respondent is clearly and beyond a doubt entitled to admission to the United States and is not inadmissible as charged. 8 C.F.R. § 1240.8(b)-(c).

☑ Other.

☑ Further analysis/explanation:

The respondent has requested discretionary termination pursuant to 8 C.F.R. § 1003.18(d)(2)(ii)(B). See also MATTER OF CORONADO ACEVEDO, 28 I&N Dec. 648 (A.G. 2022). Based on the respondent's motion, and after considering the Department of Homeland Security's (DHS's) opposition, the motion to terminate will be GRANTED WITHOUT PREJUDICE.

EVIDENTIARY RECORD:

Exhibits 1 and 2 were previously admitted without objection from either party. Exhibit 3, submitted on September 4, 2025, and totaling 26 pages, will be admitted. This submission is primarily duplicate documents but does also includes a letter from the respondent's criminal defense attorney for the driving while intoxicated matter and a letter and tax returns from the respondent's United States citizen

Page 1 of 5

brother-in-law.

PROCEDURAL HISTORY:

The respondent, a native and citizen of Ghana, entered the United States as a student in 2013 when he was 18 years old. Through counsel, the respondent admitted he last maintained his student status in 2017 and is removable as charged for not changing or extending that status thereafter. On December 16, 2024, the respondent married a naturalized United States citizen. These proceedings were commenced against the respondent on March 17, 2025. Following the commencement of these proceedings, the respondent's wife filed a Petition for Alien Relative (Form I-130) on the respondent's behalf with USCIS on March 21, 2025.

ANALYSIS:

(A) Likelihood of prevailing on a visa petition—

The respondent and his wife married prior to the commencement of these proceedings and have provided a copy of the visa petition to the Court accompanied by proof of the bona fides of the marriage. This evidence includes information about the couple meeting in 2022, becoming engaged in September of 2023, solemnizing a cultural marriage for their families and community in July of 2023, and legally marrying in the State of Texas in December of 2024. In addition, the couple has presented proof of their cohabitation through their lease; joint financial responsibilities through their vehicle insurance and phone contracts; and joint ownership of property through their vehicle title. Their bona fides evidence also includes several letters from friends and family attesting to their relationship.

Based on the timing of their marriage (prior to these proceedings) and the bona fides offered, and in the absence of any indication that the marriage is anything other than bona fide, the Court concludes that the visa petition filed on the respondent's behalf appears to be prima facie approvable and is likely to be favorably adjudicated. See generally MATTER OF GARCIA, 16 I&N Dec. 653 (BIA 1978).

(B) Likelihood of prevailing on the adjustment application—

The respondent admitted and conceded his removability from the United States under section 237(a)(1)(B) as a visa overstay, and therefore, as the spouse of a United States citizen, should the visa petition be approved, the respondent would be eligible to adjust his status under section 245(a) of the Act as someone who has (1) been inspected and admitted, (2) has a visa number immediately available, and (3) is not further restricted by the requirements at section 245(c) of the Act based on his status as the immediate relative of a United States citizen.

Page 2 of 5

The parties agree that the respondent came into ICE custody as a result of an arrest for driving while intoxicated in the state of Texas. To date, the record indicates no criminal charges have been filed. Although the Court in no way seeks to minimize the seriousness of driving while intoxicated offenses, the Court notes that, even if convicted, the respondent would not be inadmissible, and thus, ineligible to adjust his status, for a sole conviction for driving while intoxicated under the Texas Penal Code.

The arrest will be relevant in the exercise of discretion for any adjustment application, but given the respondent's residence in the United States for over a decade, the Court concludes that the adverse impact of this arrest alone is unlikely to result in the denial of an adjustment application.

(C) Discretionary considerations—

DHS argues termination should not be granted in the exercise of discretion based on the respondent's driving while intoxicated arrest and detained status. DHS seeks to draw a parallel between discretionary termination in a detained case and administrative closure in a detained case, as administrative closure is generally strongly disfavored for an ICE detainee. See MATTER OF B-N-K-, 29 I&N Dec. 96 (BIA 2025).

Starting with the issue of the respondent's detention status, while the Court agrees that such status is relevant, the Court notes that important support for denying administrative closure or a continuance in a detained case is detention status, as these actions prevent the parties from receiving finality. MATTER OF B-N-K-, 29 I&N Dec. at 101-02. Termination, however, is a distinct concept which affords the parties such finality.

The respondent did come into ICE custody as a result of his driving while intoxicated arrest, a factor the Court takes seriously. However, the Court also notes that the respondent has now been detained at tax-payer expense for 6 months while the parties await the adjudication of a visa petition filed at the time of his detention. Although the DHS notes this represents a delay on the part of the respondent, the Court considers this in context with the date of marriage, which was less than 3 months earlier, such that the Court notes the delay was minimal and the respondent and his wife have been actively prosecuting his path for regularizing his status, in general, when looking at the totality of the circumstances.

The Court also notes that, although the respondent's arrest is a negative discretionary consideration, no charges have been filed at this time and the respondent has not been convicted of the offense. Although the Court gives limited weight to the criminal defense attorney's letter regarding potential issues with a successful prosecution of the offense, the Court notes that the arrest appears to be an outlier and not indicative of a pattern of conduct. The Court does not seek to minimize the potential negative weight of the arrest but also notes that the

respondent has been detained for about 6 months without access to alcohol. It will be incumbent upon the respondent to cease driving without a valid license and to avoid any instances of drinking and driving in the future in order to proceed with his case outside of ICE detention.

As additional positive factors, the Court notes the respondent's close family ties in this country, and specifically his United States citizen wife; his length of presence in the United States beginning in his late teens; his job skills as an electrician and general contractor; and his community ties through his church, as documented by many letters of support from the church community. The Court notes that these provide strong ties, supports, and incentives for the respondent to move forward with his adjustment application if these proceedings are terminated and to avoid further interactions with law enforcement which would jeopardize his liberty given his current immigration status, or lack thereof.

The respondent is admonished that if he becomes detained again for any type of impaired driving offense, the Court would again find he is a danger to the community and not eligible for release on a bond. However, given the length of time that he has been detained without access to alcohol and the incentive the respondent has to refrain from any related misconduct to avoid further separation from his wife, family, and community, the Court will find that the fact of his arrest, alone, is insufficient at this time to deny termination in the exercise of discretion.

Accordingly for the reasons outlined above, the Court will positively exercise discretion in terminating these proceedings, thus allowing the respondent to proceed with his adjustment application before USCIS in the first instance. Further, under CORONADO-ACEVEDO such action is appropriate as USCIS has sole jurisdiction over the I-130 petition and no adjustment application can be filed concurrently with the detained court but may be filed with USCIS while adjudication of the I-130 petition goes forward.

It will be incumbent upon the respondent to do the following to avoid further detention, which will be prolonged by waiting for the adjudication of the I-130: (A) the respondent will need to file his adjustment application with the USCIS upon termination, (B) the respondent would be well-advised to engage in services to ensure his sobriety outside of a controlled setting, (C) the respondent would be well-advised to refrain from driving if and until he is given a valid driver's license from an authorized state authority, and (D) the respondent would be well-advised to refrain from any further instances of drinking and driving to avoid further detention and findings that he cannot be safely released on a bond.



Immigration Judge: MACGREGOR, MARGARET 09/05/2025

Appeal:    Department of Homeland Security: ☐ waived  ☑ reserved
           Respondent:                      ☑ waived  ☐ reserved
Appeal Due: 10/06/2025


### Certificate of Service

This document was served:
Via: [ M ] Mail | [ P ] Personal Service | [ E ] Electronic Service | [ U ] Address Unavailable
To: [ ] Alien | [ ] Alien c/o custodial officer | [ E ] Alien atty/rep. | [ E ] DHS
Respondent Name : NYANTAKYI, PATRICK | A-Number : 207-911-760
Riders:
Date: 09/05/2025 By: Pardo-Mares, Santa, Court Staff



**P**

US POSTAGE & FEES PAID IMI    ☐ Stamps.com
PRIORITY MAIL                 0633S0001443302
ZONE 2 FLAT-RATE ENVELOPE     8653228
Commercial                    FROM 76009

12/11/2025

# USPS PRIORITY MAIL ®

PDC 207911760
1209 Sunflower Ln
Alvarado TX 76009-2810

SHIP
TO:    Untied States District Court
       1100 Commerce St Ste 1452
       Dallas TX 75242-1310

## USPS TRACKING #

9405 5111 0549 5872 9864 29