UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| PATRICK NYANTAKI, <br> #A207911760, <br><br> *Petitioner*, <br><br> v. <br><br> DONALD J. TRUMP, et al., <br><br> *Respondents.* | § <br> § <br> § <br> § <br> §    Civil Action No. 3:25-CV-3444-X-BT <br> § <br> § <br> § <br> § <br> § <br> § |

# **ORDER**

Before the Court is Petitioner Patrick Nyantakyi's Emergency Motion for Temporary Restraining Order and Emergency Motion to Expedite Ruling on Habeas Corpus Petition. (Docs. 10, 11).

A temporary restraining order requires the movant to show:

(1) a substantial likelihood of success on the merits, (2) a substantial threat of irreparable injury if the injunction is not issued, (3) that the threatened injury if the injunction is denied outweighs any harm that will result if the injunction is granted, and (4) that the grant of an injunction will not disserve the public interest.[1]

TROs are "extraordinary relief and drastic remedy and rarely issued."[2] Accordingly, the "burden of proof is a heavy one."[3] Nyantakyi seeks an order from the Court preventing Respondents from "removing him from the country or from the

---

[1] *Janvey v. Alguire*, 647 F.3d 585, 595 (5th Cir. 2011).

[2] *Greer's Ranch Café v. Guzman*, 540 F. Supp. 3d 638, 644 (N.D. Tex. 2021) (O'Connor, J.).

[3] *Trinity USA Operating, LLC v. Barker*, 844 F. Supp. 2d 781, 788 (S.D. Miss. 2011).

1

Northern District of Texas" while maintaining that his removal is neither "imminent and no[r] in the foreseeable future."[4]  Because Nyantakyi concedes that his removal is not imminent, he has not carried his heavy burden, and the Court **DENIES** his motion.

For the same reasons the Court denied Nyantakyi's previous request to expedite, the Court **DENIES** Nyantakyi's renewed request.[5]  Further, even if the Court's imminence analysis is incorrect, the rule Nyantakyi invokes provides that an immigration judge's release order "shall remain in abeyance pending decision of the appeal,"[6] and Nyantakyi acknowledges that no decision has been made pending appeal.[7]

The Court therefore **DENIES** Nyantakyi's motion for a temporary restraining order, **DENIES** Nyantakyi's request for a hearing, and **DENIES** Nyantakyi's motion to expedite ruling.

**IT IS SO ORDERED** this 22nd day of January, 2026.

_____
BRANTLEY STARR
UNITED STATES DISTRICT JUDGE

---

[4] Doc. 10 at 2.

[5] *See* Doc. 5.

[6] 8 C.F.R. § 1003.19(i)(2).

[7] Doc. 11 at 2.