IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **P.N.,** | § | |
| PETITIONER, | § | |
| | § | |
| **V.** | § | CIVIL CASE NO. 3:25-CV-3444-X-BK |
| | § | |
| THOMAS BERGAMI, WARDEN | § | |
| PRAIRIELAND DETENTION CENTER, | § | |
| RESPONDENT.[1] | § | |

FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, the *pro se* petition for writ of habeas corpus under 28 U.S.C. § 2241 was referred to the United States Magistrate Judge for case management, including the issuance of findings and a recommended disposition. As detailed here, the petition should be **DISMISSED WITHOUT PREJUDICE** for lack of jurisdiction.

## I. BACKGROUND

On December 16, 2025, Petitioner P.N., an alien detainee in the custody of Immigration and Customs Enforcement ("ICE") at the Prairieland Detention Center, filed this petition for writ of habeas corpus, challenging his detention pending removal. Doc. 3. P.N. seeks release from detention. Doc. 3 at 7.

P.N., a native and citizen of Ghana, entered the United States in 2013 based on an F1 student visa but did not return to his country when the visa expired in 2017. Doc. 17 at 5

---

[1]The Clerk of the Court is directed to change the docket to reflect the Warden as the sole respondent. *See Rumsfeld v. Padilla*, 542 U.S. 426, 434-35 (2004) (explaining that there is generally only one proper respondent in a habeas case, and that is the person who holds the petitioner in custody). All other named respondents should be terminated from this civil action.

(Resp't's App.). On March 17, 2025, after his arrest for DWI, ICE began removal proceedings, charging him with overstaying his visa. Doc. 17 at 5, 12. Through counsel, P.N. filed a bond re-determination request under 8 U.S.C. § 1226(a). Doc. 17 at 9. However, following a hearing on April 28, 2025, the Immigration Judge (IJ) denied bond, finding P.N. was a danger to the community because (1) his DWI charge was pending and (2) he lacked a driver's license at the time of his arrest. Doc. 17 at 17.

On September 5, 2025, the IJ ordered P.N. removed as charged, finding the government had met its burden. Doc. 17 at 20-23. The IJ also issued a second ruling (or "other" ruling), granting P.N.'s opposed request for discretionary termination of proceedings because he has a pending visa petition (filed by his U.S. citizen wife) and, if it is approved, he can seek to adjust status given that he was previously inspected and admitted. Doc. 17 at 20-23. ICE appealed the decision terminating proceedings to the Board of Immigration Appeals (BIA), and the appeal remains pending. Doc. 17 at 30-36.

In his habeas corpus petition, P.N. challenges ICE's "refusal to release [him] from detention." Doc. 3 at 2. He contends the IJ "ordered his release from detention" and ICE is improperly detaining him based on the "the automatic stay provision." Doc. 3 at 6; *see also* Doc. 3 at 11-14 (Br.). Respondent filed a response in opposition. Doc. 16. Petitioner filed a reply and a motion to expedite, re-asserting his arguments. Doc. 18; Doc. 19.

## II. ANALYSIS

Petitioner is detained under 8 U.S.C. § 1226(a). That statute provides that "an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States." *Id.* Section 1226(e) also states that "[t]he Attorney General's discretionary

2

judgment regarding [detention of aliens under § 1226] is not subject to review." 8 U.S.C. § 1226(e).  "No court may set aside any action or decision by the Attorney General under this section regarding the detention or release of any alien or the grant, revocation, or denial of bond or parole." *Id.*  Any alien who is dissatisfied with the detention decision may seek re-determination by the immigration judge.  8 C.F.R. § 1003.19.  And, if not satisfied with the result, he may appeal to the BIA.  8 C.F.R. § 1236.1(d)(3); 8 C.F.R. § 1003.38.

Although P.N. attempts to raise a constitutional claim, he challenges in substance the immigration judge's decision to deny a bond and detain him under § 1226(a).  The Court lacks jurisdiction to review that decision under § 1226(e).  *See Loa-Herrera v. Trominski*, 231 F.3d 984, 991 (5th Cir. 2000) (finding that § 1226(e) bars review of the Attorney General's discretionary judgment regarding the application of § 1226(a)); *see also Najeeb v. US Att'y*, No. 6:21-CV-00030-H, 2022 WL 22891044, at *2 (N.D. Tex. June 21, 2022) (dismissing for lack of jurisdiction under § 1226(e) the habeas corpus petition of an immigration detainee who challenged the decision to deny release on bond); *Maramba v. Mukasey*, No. 3:08-cv-351-K, 2008 WL 1971378, at *3 (N.D. Tex. Apr. 28, 2008) ("declin[ing] to exercise habeas jurisdiction over Petitioner's claims seeking release on supervision or a lower bond under § 1226(a)").  Further, Petitioner has been granted all the process he is due.  He requested and received a re-determination of bond and opted not to appeal the adverse ruling.  *See Najeeb*, No. 6:21-CV-00030-H, 2022 WL 22891044, at *2.

P.N. argues that he is challenging "the constitutionality of the Automatic Stay Provision" under 8 C.F.R. 1003.19(i)(2), rather the IJ's decision to deny a bond.  Doc. 18 at 1-2.  He asserts that the automatic-stay provision "keeps him detained at present after the Immigration Judge's

3

release order" and thus violates his procedural due process rights under the Fifth Amendment. Doc. 18 at 2.  In support, P.N. cites 8 C.F.R. 1003.19(i)(2) (stay of custody order pending appeal by the government) and asks the Court to address "the legality of the automatic stay provision." Doc. 18 at 2.

The Court is unpersuaded by P.N.'s circular arguments.  He completely ignores that the IJ carefully considered whether he should be detained, denied a bond, and found him removable as charged.  P.N. focuses instead on the IJ's second ruling (granting his opposed motion to terminate removal proceedings) and ICE's ensuing decision to appeal that ruling to the BIA. Doc. 17 at 20.  Neither alters the IJ's initial finding denying a bond and ordering P.N. removed. P.N.'s arguments to the contrary are nonstarters.  Moreover, as Respondent aptly notes, P.N.'s pleadings are completely silent about his failure to appeal the IJ's decision denying bond to the BIA.  Doc. 16 at 6-9 (raising prudential exhaustion requirement in the alternative).

In sum, P.N. remains detained under § 1226(a), and the Court lacks jurisdiction to review the IJ's bond-denial decision under § 1226(e).

### III. CONCLUSION

For these reasons, P.N.'s petition for a writ of habeas corpus should be **DISMISSED WITHOUT PREJUDICE** for lack of jurisdiction.  *See* 8 U.S.C. § 1226(e); FED. R. CIV. P. 12(h)(3).

**SO RECOMMENDED** on June 12, 2026.

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

4

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). An objection must identify the finding or recommendation to which objection is made, the basis for the objection, and the place in the magistrate judge's report and recommendation the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to object to 14 days).